```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SOUTH LOUISIANA ETHANOL, LLC          CIVIL ACTION

VERSUS                                NO: 11-2774

CHS-SLE LAND, LLC, ET AL.             SECTION: "A" (4)

                                      BANKRUPTCY CASE NO.:
                                      09-12676
                                      ADVERSARY PROCEEDING NO.:
                                      11-1074
```

### ORDER AND REASONS

Before the Court is a **Motion to Withdraw the Reference (Rec. Doc. 1)** filed by defendant CHS, Inc. South Louisiana Ethanol, LLC opposes the motion. The motion, set for hearing on January 4, 2012, is before the Court on the briefs without oral argument.

This motion involves an adversary proceeding pending in the captioned bankruptcy case of South Louisiana Ethanol, LLC ("SLE"). The case comprising the adversary proceeding was filed in state court and this Court referred the matter to the bankruptcy court because the notice of removal alleged that the removed case was related to SLE's bankruptcy. The notice of removal also alleged diversity jurisdiction.

This motion is one of several pertaining to the SLE bankruptcy in which a party moves this Court to withdraw the automatic reference based upon the Supreme Court's decision in

1

Stern v. Marshall, 131 S. Ct. 2594 (2011). This Court is persuaded that Stern does not draw the validity of the reference into question under the facts of this case so as to mandate withdrawal of the reference. Moreover, the pre-Stern standards that govern permissive withdrawal of a reference continue to be valid, and the movant has not established that withdrawal is appropriate under those standards. Further, the Court is not persuaded that it can exercise diversity jurisdiction over this matter. Therefore, the Motion to Withdraw the Reference is DENIED.

**I.   Background**

SLE commenced its Chapter 11 bankruptcy case no. 09-12676 on August 25, 2009. SLE's liquidating plan of reorganization was confirmed on April 19, 2011. On May 31, 2011, SLE as the reorganized debtor filed its Petition for Judicial Dissolution and to Wind Up Affairs of CHS-SLE Land, LLC in state court. The named defendants are CHS-Land, LLC ("CHS-SLE") and CHS, Inc. ("CHS"). On June 20, 2011, CHS removed the suit to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and bankruptcy jurisdiction under 28 U.S.C. § 1334(b) ("related to"). The Court referred the matter to the bankruptcy judge presiding over SLE's bankruptcy case. (11-1455; Rec. Doc. 7).

CHS has filed a Motion to Withdraw the Reference in which it contends that the case is properly in federal court under

diversity jurisdiction and that the case should be handled by the district judge who has sole authority to enter a final judgment in the case. CHS also argues that the decision in <u>Stern v. Marshall</u> constitutes cause for withdrawing the reference to the bankruptcy court.

**II. Discussion**

The Court directs the parties' attention to the ruling that the Court entered when the defendant in Adversary Proceeding 11-1084 (also related to SLE's bankruptcy) moved to withdraw the reference. (11-3059; Rec. Doc. 8). For the same reasons given in that case, the Court is not persuaded that the <u>Stern</u> decision has any impact on whether the reference should be withdrawn. And for reasons similar to those given in Adversary Proceeding 11-1084, movant herein has not demonstrated cause for withdrawal of the reference under the governing standards.

In contrast to Adversary Proceeding 11-1084, bankruptcy jurisdiction under § 1334 is not the sole jurisdictional basis alleged because CHS also contends that diversity jurisdiction is present. If diversity jurisdiction provides a basis for jurisdiction independent of the bankruptcy then CHS's arguments to withdraw the reference become much more persuasive.

On the face of the complaint the parties are not of diverse citizenship because SLE and CHS-SLE are both Louisiana citizens for diversity purposes. However, CHS contends that because this

suit is one to dissolve CHS-SLE, its stands as a mere nominal party whose citizenship can be ignored pursuant to <u>Wolff v. Wolff</u>, 768 F.2d 642 (5th Cir. 1985).

CHS's contention in support of diversity jurisdiction derives from the now well-settled principle that jurisdiction in federal court must rest upon the citizenship of the "real" parties to a controversy. See <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980). A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy. <u>Id.</u> at 461. Whether a party is formal or nominal for jurisdictional purposes depends on whether in the absence of the party the court can enter a final judgment consistent with equity and good conscience. <u>Louisiana v. Union Oil Co.</u>, 458 F.3d 364, 366-67 (5th Cir. 2006) (<u>quoting</u> <u>Acosta v. Master Maint. & Constr., Inc.</u>, 452 F.3d 373, 379 (5th Cir. 2006)). An alternate articulation of the test is whether or not a named party's "role in the law suit is that of a depositary or stakeholder." <u>Id.</u> (<u>quoting</u> <u>Tri-Cities Newspapers, Inc. v. Tri Cities Print. Pressmen & Assist. Local 349</u>, 427 F.2d 325, 327 (5th Cir. 1970)). The court takes practical considerations into account when making that determination. <u>Id.</u>

In its adversary complaint SLE is seeking to judicially dissolve CHS-SLE, a Louisiana liability company, pursuant to La. R.S. § 12:1335 and to wind up its affairs in accordance with La.

R.S. § 12:1336(B). CHS and SLE each own 50 percent of CHS-SLE. The sole asset owned by CHS-SLE is a tract of land located in Plaquemines Parish along the batture of the Mississippi River. SLE prays for a decree winding up the affairs of CHS-SLE, distributing the property to CHS and SLE in indivision, and dissolving the LLC.

Under the facts of this case the Court is not persuaded that CHS-SLE is a nominal party. The LLC owns the land at issue because the land is titled in the name of the LLC. The relief sought via the adversary proceeding will eviscerate the LLC and divest it of its ownership of the property. Even though the LLC owns the property at issue for the members, an LLC is not the equivalent of a mere depositary or stakeholder. Under Louisiana law the LLC is a juridical person with a separate legal existence from the members who comprise the entity. It is the two diverse members who are at odds with each other but these parties are not liable to each other and neither has title to the land owned by the LLC. CHS-SLE is a real party in interest to this controversy notwithstanding that the entity will be a passive party in the case.

Of course, an LLC is not necessarily going to be a real party in interest under every set of facts. <u>Wolff v. Wolff</u>, the only decision from this circuit upon which CHS relies, involved a dissolved partnership and a dispute among two of the former

partners over a piece of land.  The plaintiff had not joined the partnership as a defendant.  The Fifth Circuit concluded that even if it had been necessary to add the partnership as a defendant, its citizenship would be ignored for diversity purposes because it was not a real party in interest.  <u>Wolff</u>, 768 F.2d at 645-46.  But the land at issue was titled in the diverse partner's name, not in the name of the partnership.  And dissolution in that case had purportedly already occurred due to a prior state court lawsuit.  Under the <u>Wolff</u> facts it is easy to see why the partnership entity, assuming that it even continued to exist, was found to be a nominal party in what was really a dispute between the two partners.  But <u>Wolff</u> does not stand for the broad proposition that in an action to dissolve an LLC the citizenship of the LLC is ignored for diversity purposes.

The Court must balance the real party exception to complete diversity against the well-settled principle that federal courts are courts of limited jurisdiction and have no authority to create jurisdictional law of their own.  <u>Point Landing, Inc. v. Omni Capital Intern.</u>, Ltd., 795 F.2d 415, 423 (5th Cir. 1986) (<u>quoting</u> <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694 (1982) (Powell, J., concurring)).  And any doubts regarding whether removal jurisdiction is proper are resolved against federal jurisdiction not in favor of it.  <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335,

339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988)).  Given the facts of this case there is no controlling authority that permits this Court to exercise diversity jurisdiction over this dispute.  CHS has cited district court cases from other jurisdictions.  Not only are those cases non-binding but other district courts considering those decisions have declined to reach a similar result.  See, e.g., Skaaning v. Sorenson, No. 09-364, 2009 WL 3763056 (D. Hawaii Nov. 10, 2009).  Simply, the Court cannot exercise diversity jurisdiction over this matter.[1]

Because the Court does not have diversity jurisdiction over this matter the sole jurisdictional basis currently supporting its presence in federal court is § 1334(b) "related to" bankruptcy jurisdiction.  It is not clear to this Court whether the status of the bankruptcy proceedings is such that bankruptcy jurisdiction continued to exist when this case was removed to federal court.  Remand may very well be appropriate in this case if the bankruptcy court concludes that it no longer has jurisdiction over cases related to SLE's bankruptcy or that the standards governing abstention apply here.  If Stern concerns

---

[1] CHS repeatedly points out that SLE does not contest diversity jurisdiction, (Memo at 4, 7, 8, 10), and that SLE has made a judicial admission that CHS-Land is a nominal party, (Memo at 6).  But subject matter jurisdiction cannot be based on concessions or established via default so SLE's position one way or the other is irrelevant.  Nonetheless, it is apparent from SLE's opposition that it does contest diversity jurisdiction.

prevent the bankruptcy court from taking this action on its own then the parties should note that this Court would give great deference to any proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1) recommending remand to state court.

Accordingly;

**IT IS ORDERED** that the **Motion to Withdraw the Reference (Rec. Doc. 1)** filed by defendant CHS, Inc. is **DENIED**.

January 23, 2012

———————————————
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE